Scott M. Kinkley
*Northwest Justice Project*
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128
Scottk@nwjustice.org

Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTY N. SLEEPER and RANDALL J. SLEEPER, wife and husband,<br><br>    Plaintiffs,<br><br>    vs.<br><br>RENT RECOVER, LLC, a foreign corporation; J. GREGORY LOCKWOOD and JANE DOE LOCKWOOD, husband and wife; CRYSTAL SALAS; JOSE SALAS; MICHAEL ROBB ENGBERG; and KAITLYN SNYDER,<br><br>    Defendants. | Case No.: 2:14-CV-005-TOR<br><br>COMPLAINT |

Plaintiffs Kristy N. Sleeper and Randall J. Sleeper, by and through their attorneys, Scott M. Kinkley of the *Northwest Justice Project*, and Kirk D. Miller of *Kirk D. Miller, P.S.* allege the following:

COMPLAINT  -1-

I.  Summary of Complaint

The Defendants are third party debt collectors who, in the course of attempting to collect an alleged debt on behalf of the Plaintiff's former landlord, attempted to collect amounts not allowed by law or by contract.

II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendants conduct affairs and transact business in this District, a significant portion of the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the Court.

III. FEDERAL QUESTION
SUBJECT MATTER JURISDICTION

3.1. Plaintiff Kristy Sleeper is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692(a)(3).

3.2. Plaintiff Kristy Sleeper is a natural person, who resides in Spokane County, Washington.

COMPLAINT  -2-

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

3.3. Plaintiff Randall Sleeper is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692(a)(3).

3.4. Plaintiff Randall Sleeper is a natural person, who resides in Spokane County, Washington.

3.5. Defendants alleged that Plaintiffs Kristy and Randall Sleeper were obligated to pay a debt.

3.6. Defendants were each attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692(a)(5).

3.7. The alleged debt that Defendants Rent Recover, LLC and J. Gregory Lockwood were attempting to collect was an alleged obligation of the Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.8. Specifically, the money the Defendants attempted to collect from the Plaintiffs arose from an alleged breach of an apartment rental obligation.

3.9. Defendant Rent Recover, LLC, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.10. Defendant Rent Recover, LLC, is in the business of collecting debts.

3.11. Defendant Rent Recover, LLC, uses interstate commerce or the mails for the collection of debts.

3.12. Defendant Rent Recover, LLC, regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another using the telephone and mail.

3.13. Defendant Rent Recover, LLC, communicated with the Plaintiff with the intent to collect a debt.

3.14. Defendant J. Gregory Lockwood is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.15. Defendant J. Gregory Lockwood uses instruments of interstate commerce to collect debts.

3.16. Defendant J. Gregory Lockwood uses the mail to collect debts.

3.17. Defendant J. Gregory Lockwood regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another using the telephone and mail.

3.18. Crystal Salas is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.19. Jose Salas is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.20. Michael Robb Engberg is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.21. Kaitlyn Snyder is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

3.22. All charges that Defendants alleged that Plaintiffs owed were for personal, family or household purposes.

## IV. PARTIES

4.1. Now, and at all relevant times, Plaintiffs were residents of the state of Washington residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

4.2. Defendant Rent Recover, LLC, is a Illinois corporation doing business in the Eastern District of Washington.

4.3. According to the Washington Secretary of State website, Rent Recover, LLC become inactive and expired in October 2013.

4.4. Defendant Rent Recover, LLC, is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

4.5. Defendant J. Gregory Lockwood is an attorney licensed in the state of Washington, engaged in the collection of debts within the state of Washington including Spokane County.

4.6. All acts alleged of J. Gregory Lockwood were done on his own behalf, on behalf of Defendant Rent Recover, LLC and on behalf of the marital community.

4.7. Defendants Crystal Salas, Jose Salas, Michael Robb Engberg, and Kaitlyn Snyder are masquerading as Defendant Rent Recover, LLC.

## V. FACTS

5.1 On November 2, 2011, Plaintiffs Kristy and Randall Sleeper entered into a lease agreement with Sterling Holdings, LLC.

5.2 On March 10, 2012, Plaintiffs notified Sterling Holdings, LLC ("landlord") that they were terminating their tenancy.

5.3 On April 2, 2012, the Plaintiffs' landlord sent the Plaintiffs two move-out statements, each dated March 14, 2012, explaining the charges against their deposit and requesting payment of the remaining balance.

5.4 The first March 14, 2012, move-out statement requested a balance of $796.18.

5.5 The second March 14, 2012, move-out statement requested a balance of $2,058.36.

5.6 The difference between the two statements was an "early termination fee of $815.00."

5.7  The lease between the Plaintiffs and their landlord did not entitle the landlord to an "early termination fee."

5.8  The $815.00 early termination fee is not an amount allowed by statute.

5.9  By text message the Plaintiff's landlord explained the reason for the conflicting statements as, "I did two dispositions. I will send them both. One shows early termination fees, one does not. I would prefer to go the second route, but I will send both."

5.10  A true and correct copy of the March 14, 2012, statements are attached as Exhibit 1 and incorporated by reference as though they were fully set forth herein.

5.11  On or about June 7, 2012, the Plaintiffs' landlord assigned for collection an alleged remaining principle balance of "$2,058.36" to Defendant Rent Recover.

5.12  In mid to late June 2012, a collector from Defendant Rent Recover contacted Plaintiff Randall J. Sleeper at his work by representing to the receptionist that there was some sort of emergency.

5.13  Mr. Sleeper is normally not allowed to take calls at work, but the call was put through to him based on the emergency representation. Mr. Sleeper had a newborn baby at the time.

COMPLAINT -7-    Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

5.14 The collector from Rent Recover demanded immediate payment of $2,058.36 or else they would file a lawsuit for even more money.

5.15 Plaintiff Randy Sleeper said he could not talk at work, gave the collector his wife's number and hung up

5.16 The Rent Recover collector called Plaintiff Kristy Sleeper and repeated her threat to file a lawsuit for more money if the Plaintiffs did not immediately pay the $2,058.36.

5.17 The collector threatened Kristy Sleeper that Rent Recover "always wins in court" and that they would "roll her over since she could not afford an attorney."

5.18 The Rent Recover collector was screaming during the phone call to the point the speaker on Plaintiff Kristy Sleeper's became distorted and her apartment neighbors on the adjoining balcony could hear the conversation.

5.19 The Plaintiffs refused to pay the inflated amount of $2,058.36.

5.20 Defendant Rent Recover did not send the Plaintiffs any written communications before or after the collection phone calls, until the Plaintiff was served with a state court complaint.

COMPLAINT -8-                                                                 Northwest Justice Project
                                                                              1702 W. Broadway
                                                                              Spokane, WA 99201
                                                                              (509) 324-9128

5.21 On September 18, 2012, Kaitlin Snyder, an employee of Defendant Rent Recover, LLC, sent the landlord an email requesting "move in / out reports" which the landlord provided.

5.22 On information and belief, an employee of Rent Recover contacted the landlord on September 18, 2012, and requested that she provide an "amended" move out report adding an additional $1,630.00 as a "insufficient notice to vacate" fee.

5.23 The lease between the Plaintiffs and the landlord does not provide for an "insufficient notice to vacate" fee.

5.24 The "insufficient notice to vacate" fee is not an amount allowed by statute.

5.25 On September 18, 2012, the landlord prepared an amended statement adding the additional amounts suggested by Defendant Rent Recover.

5.26 No new assignment of the new alleged amount was executed.

5.27 On October 30, 2012, Defendant J. Gregory Lockwood signed a complaint demanding the inflated amount of $3,410.36.

5.28 On January 4, 2012, Plaintiff Kristy and Randall Sleeper were served with a Spokane County District Court complaint demanding $3,410.36, alleged owed to a former landlord.

COMPLAINT -9-

5.29 The state court complaint was signed by Defendant J. Gregory Lockwood as attorney for Defendant Rent Recover, LLC.

5.30 A true and correct copy of the state court complaint is attached as Exhibit 2 and incorporated by reference as though it were fully set forth herein.

5.31 The demanded sum of $3,410.36 included the "$815.00 early termination fee" and the $1,630.00 "insufficient notice to vacate" fee, neither of which was allowed for by statute or contract.

5.32 Defendants are illegally bringing and maintaining lawsuits in state of Washington.

## VI.   VIOLATION OF THE FDCPA 15 USC § 1692

6.1 Defendants Rent Recover, LLC and J. Gregory Lockwood each violated 15 U.S.C. § 1692(e)(2)(A) by making false, deceptive and misleading statements which falsely represented the character, amount, or legal status of a debt.

6.2 Defendants Rent Recover, LLC and J. Gregory Lockwood each violated 15 U.S.C. § 1692(e)(5) by threatening to take and taking action which cannot lawfully be taken.

6.3  Defendants Rent Recover, LLC and J. Gregory Lockwood each violated 15 U.S.C. § 1692(e)(10) by using false representations and deceptive means to collect or attempt to collect a debt.

6.4  Defendants Rent Recover, LLC and J. Gregory Lockwood each violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

6.5  Defendants Rent Recover, LLC and J. Gregory Lockwood each violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not expressly authorized by the agreement creating the alleged debt or permitted by law.

### VII.  VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

7.1.  Defendant Rent Recover, LLC, is a "collection agency" as defined by RCW 19.16.100.

7.2.  Defendant Rent Recover, LLC is directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person

7.3.  The sole business of Defendant Rent Recover, LLC is the collection of debts.

7.4. Defendant Rent Recover, LLC attempts to collect the debts allegedly owed or due to another.

7.5. Defendant Rent Recover, LLC is not licensed as a collection agency in the state of Washington.

7.6. Defendant Rent Recover, LLC violated the WCAA by engaging in practices prohibited by RCW 19.16.250 by:

    7.6.1. Communicating in writing with the Plaintiff through proper legal action, process, or proceeding where such communication is the first written communication with the debtor, without providing the information required by RCW 19.16.250(8)(c) in violation of RCW 19.16.250(9);

    7.6.2. Communicating with the Plaintiffs in a manner as to harass, intimidate, threaten, or embarrass the Plaintiffs in violation of RCW 19.16.250(13);

    7.6.3. Communicating with the Plaintiffs and representing that the existing obligation may be or has been increased by the addition of fees when such fees may not legally be added to the existing claim in violation of RCW 19.16.250(15);

      7.6.4. Communicating with the Plaintiffs and threatening to take action which could not legally be taken at the time the threat was made in violation of RCW 19.16.250(16); and

      7.6.5. Collecting or attempting to collect in addition to the principle amount of the claim a sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and costs.

## VIII.  VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

8.1.  A violation of the WCAA is a per se unfair or deceptive act or practice, occurring in trade or commerce, against the public interest and capable of repetition.

8.2.  The Consumer Protection Act of the state of Washington requires that all businesses abstain from unfair or deceptive practices or acts.

8.3.  Defendant Rent Recover, LLC by and through its agents and employees, its policies and procedures, has engaged in deceptive and unfair acts and practices that have caused injury to the Plaintiffs.

8.4.  Defendant Rent Recover, LLC has engaged in unfair and deceptive acts and practices in attempting to collect an unlawfully inflated alleged debt from the Plaintiff.

8.5.  The conduct of Defendant Rent Recover, LLC occurred in trade and/or commerce.

8.6.  Defendant Rent Recover, LLC attempts to collect hundreds or thousands of alleged debts in the state of Washington each year.

8.7.  The acts and practices of Defendant Rent Recover, LLC are capable of repetition and therefore affect the public interest.

8.8.  Defendant Rent Recover, LLC by and through its agents and employees, its policies and procedures, has engaged in deceptive and unfair acts and practices that have caused injury to the Plaintiff by causing Plaintiffs to incur cell phone charges, travel expenses, postage, and other expenses.

8.9.  Defendant Rent Recover, LLC engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the Plaintiff.

8.10.  The conduct of Defendant Rent Recover, LLC occurred in trade and/or commerce.

8.11.  Collection of unlawfully inflated alleged debts is against public interest.

8.12.  Unlawful and unfair debt collections are against public interest.

8.13. The Defendants' actions were the direct cause of the Plaintiff's injury to Plaintiff's property. As a result of the Defendants' actions, Plaintiffs lost the use, possession and enjoyment of their property.

8.14. The Defendants' actions were the direct cause of the injury to Plaintiffs' property.

## IX. DEMAND

WHEREFORE, Plaintiffs demand judgment as follows:

10.1 Actual damages; including but not limited to the amount of the wrongfully garnished funds, interest on the garnished funds, and emotional distress.

10.2 Treble actual damages pursuant to RCW 19.86. *et seq.;*

10.3 Statutory damages pursuant to the FDCPA, 15 U.S.C. §1692k(a)(2)(A);

10.4 Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3) and RCW 19.86, et seq.;

10.5 Prejudgment interest;

10.6 Injunction prohibiting Defendants from collecting unlawfully inflated debts of Washington residents;

10.7 For such other and further relief as may be just and proper.

COMPLAINT -15-

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128

DATED this 3rd day of January, 2014.

| *Northwest Justice Project* | *Kirk D. Miller P.S.* |
|---|---|
| /s Scott M. Kinkley<br>Scott M. Kinkley<br>WSBA # 42434<br>Attorney for the Plaintiffs | /s Kirk D. Miller<br>Kirk D. Miller<br>WSBA # 40025<br>Attorney for the Plaintiffs |

COMPLAINT -16-

Northwest Justice Project
1702 W. Broadway
Spokane, WA 99201
(509) 324-9128