UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTY N. SLEEPER and RANDALL J. SLEEPER, wife and husband,<br><br>                    Plaintiffs,<br><br>    v.<br><br>RENT RECOVER, LLC.,<br><br>                    Defendant. | NO:  2:14-CV-0005-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

BEFORE THE COURT is Plaintiffs' Motion for Default Judgment (ECF No. 15).  This matter was submitted for consideration without oral argument.  The Court has reviewed the motion and record and files herein and is fully informed.

FACTS[1]

This is an action concerning alleged unlawful action in connection with the collection of a debt.  In November 2011, Plaintiffs Randall J. Sleeper and Kristy N.

_____

[1] These facts are excerpted from Plaintiffs' complaint and used for the purposes of the instant motion only.

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 1

Sleeper[2] entered into a lease agreement with Sterling Holdings, LLC.  In March 2012, Plaintiffs notified Sterling Holdings that they were terminating the lease. Sterling Holdings provided two different move-out statements indicating two different amounts owing.  Plaintiffs assert in their first amended complaint that the difference between the two was an $815.00 "early termination fee."  However, that is not apparent on the face of the two move-out statements themselves.[3]  Sometime in June 2012, Sterling Holdings assigned to Defendant for collection $2,058.36 due and owing from Plaintiffs.

Plaintiffs allege that in June 2012 one of Defendant's collection agents contacted Randall Sleeper at work by representing to a receptionist that there was

---

[2] Kristy Sleeper's name appears on the move-out statements and Defendant's Spokane County District Court complaint as Kristy Garrison.

[3] Accounting for identical charges shown on both statements, the differences between the statements are as follows.  One statement, showing $796.18 owing, includes fees for a March Avista bill of $120.77, a March City of Spokane bill for $100.63, and prorated March rent of $266.42.  The other statement, showing $2,058.36 owing, includes fees for an entire month of rent in March at $815.00, a February late charge of $120.00, and an early termination fee of $815.00.  Thus the difference between the two statements is $1,262.18 and not merely the single $815.00 "early termination fee."

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 2

an emergency for which he needed Mr. Sleeper's phone number.   The agent demanded payment of the $2,058.36 owing.  Mr. Sleeper, being at work, gave the agent Mrs. Sleeper's number and hung up.  The agent then allegedly contacted Mrs. Sleeper and threatened legal action against the couple unless they paid the amount owing.  The Plaintiffs further allege that at one point the agent began screaming into the phone such that neighbors on an adjoining balcony could hear the conversation.  Plaintiffs refused to pay the $2,058.36.

Plaintiffs further allege that in September 2012, one of Defendant's employees contacted Sterling Holdings and requested that the move-out statements be amended to include an additional $1,630.00 "insufficient notice to vacate" fee. In October 2012, Defendant filed a complaint against Plaintiffs in the Spokane County District Court seeking $3,410.36.

Plaintiffs filed this action in the U.S. District Court for the Eastern District of Washington on January 6, 2014, alleging violation of (1) the Fair Debt Collection Practices Act,[4] (2) the Washington Collection Agency Act,[5] and (3) the Washington Consumer Protection Act.   On May 5, 2014, Plaintiffs voluntarily dismissed all other Defendants, leaving Rent Recovery, LLC, an Illinois company, as the sole defendant in the action.

---

[4] 15 U.S.C. § 1692, et seq.

[5] RCW 19.16.100, et seq.

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 3

The Clerk of Court has entered an order of default for Defendant. Despite being properly served, as of the date of this Order, the Defendant has not filed an answer or moved to set aside its default. Plaintiff now moves for default judgment seeking statutory relief under the Fair Debt Collection Practices Act.

DISCUSSION

Motions for entry of default are governed by Federal Rule of Civil Procedure 55(b). Rule 55(b)(1) provides that the Clerk of Court may enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). When the value of the claim cannot be readily determined, or when the claim is for non-monetary relief, the plaintiff must move the court for entry of default judgment. Fed. R. Civ. P. 55(b)(2). In such circumstances, the court has broad discretion to marshal any evidence necessary in order to calculate an appropriate award. *See* Fed. R. Civ. P. 55(b)(2)(A)-(D). At the default judgment stage, well-pleaded factual allegations are considered admitted and are sufficient to establish a defendant's liability, but allegations regarding the amount of damages must be proven. *Geldes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *Microsoft Corp. v. Lopez*, 2009 WL 959219 (W.D. Wash. April 7, 2009). The court must ensure that the amount of damages is reasonable and demonstrated by the evidence. *See* Fed. R. Civ. P.

55(b); *Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412 (W.D. Wash. 2014).

The entry of default judgment under Rule 55(b) is "an extreme measure." *Cmy. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). "As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). In determining whether to enter default judgment, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see also United States v. VanDenburgh*, 249 F.App'x 664, 665 (9th Cir. 2007). The Court considers each of the factors in turn.

    1. <u>Possibility of Prejudice to the Plaintiffs</u>

Despite having been properly served, Defendant has failed to plead or otherwise defend. As a result, Plaintiffs' claims against them cannot move forward on the merits, and Plaintiffs' ability to obtain effective relief has been prejudiced. This factor weighs in favor of entering default judgment.

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 5

2. <u>Merits of Plaintiffs' Substantive Claims</u>

Plaintiffs have only sought relief under the federal Fair Debt Collection Practices Act (FDCPA).  As such, the Court considers Plaintiffs to have abandoned their state law claims.  *See Vaile v. Nat'l Credit Works, Inc.*, 2012 WL 176314, at *2 (D. Ariz. Jan. 23, 2012).  Plaintiffs allege a number of grounds on which they claim Defendant violated the FDCPA.

First, Plaintiffs allege Defendant falsely represented the amount, character or legal status of the debt.  *See* 15 U.S.C. § 1692e(2)(A).  This claim appears to stem from the inclusion of an $815 early termination fee on one of the move-out statements and from the alleged inclusion of a $1,630.00 insufficient notice to vacate fee to the total amount sought in state court.  While the Court will take these allegations as true for the purpose of establishing Defendant's liability, in determining the amount of damages, the Court may request substantiation of these allegations.  *See Geddes*, 559 F.2d at 560.  The $815 fee is shown on one of the move-out statements, but a copy of the lease has not been produced to indicate that such a penalty was not, in fact, included in that contract.  Likewise, there is no evidence to substantiate the inclusion of the $1,630.00 insufficient notice fee.  The only document provided to the Court other than the move-out statements was a copy of Defendant's complaint filed in the Spokane County District Court.  While that complaint seeks damages from the Plaintiffs in the sum of $3,410.36, it does

not indicate how Defendant calculated that total.[6]  In sum, while this Court will take as true the allegations that the nature of these sums was falsely represented by Defendant for purposes of liability, the Court continues to have questions regarding these amounts as would relate to the Court's exercise of its discretion in awarding statutory damages.[7]

Second, Plaintiffs allege Defendant threatened to take or took action which Defendant was not lawfully entitled to take.  *See* 15 U.S.C. § 1692e(5).  There is no indication or argument presented by Plaintiffs that Defendant was not legally entitled to file suit in the Spokane District Court as an assignee of the debt Plaintiffs owed to Sterling Holdings, LLC.

_____

[6] It cannot simply be the original debt Defendant attempted to collect, $2,058.36, plus the alleged insufficient notice fee of $1,630, as that total would equal $3,688.36.

[7] The foregoing also applies to Plaintiffs' allegation that Defendant attempted to collect an amount not expressly authorized by the agreement creating the alleged debt or as permitted by law.  *See* 15 U.S.C. § 1692f.  The Court will take as true the allegation that these amounts were not authorized by the lease or otherwise permitted by law for purposes of liability, but will require substantiation of the amounts for purposes of awarding statutory damages.

Third, Plaintiffs allege that Defendant used false representations or deceptive means to attempt to collect the debt.  *See* 15 U.S.C. § 1692e(10).  This allegation appears to be based upon the representation by one of Defendant's agents to a receptionist at Mr. Sleeper's employment that there was an emergency necessitating that the agent be put in contact with Mr. Sleeper.  Taken as true, this would lend merit to the claim.  For these reasons, the merits of Plaintiffs' claims weigh both for and against ordering default judgment.

3.  Sufficiency of the Complaint

The Court finds that the first amended complaint states at least one claim upon which relief may be granted in that it is grounded in a cognizable legal theory and alleges sufficient facts to support that theory.  This factor weighs in favor of entering default judgment.

4.  Sum of Money at Stake

Plaintiffs do not request actual damages in this case.  Instead, Plaintiffs request the highest amount of statutory damages available under the FDCPA for actions brought by individuals:  not exceeding $1,000 per individual or $2,000 total in this instance.  15 U.S.C. § 1692k(a)(2)(A).  In assessing statutory damages under §1692k(a)(2)(A), the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional," "among other relevant

factors." 15 U.S.C. § 1692(b)(1). Other than the bare allegations made as regards to the $815 and $1,630 "fees," discussed *supra*, Plaintiffs have provided none of the information statutorily required for the Court to properly assess the amount of statutory damages appropriate in this case. This factor weighs against entering default judgment at this time.

### 5. Possibility of Dispute as to Material Facts

Given that Defendants have not answered the complaint or otherwise participated in this case, there remains a possibility that material facts are disputed. This is especially true given the FDCPA's affirmative defense wherein Defendant can avoid liability by showing that any violation "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). This factor weighs against entering default judgment.

### 6. Whether Default is Attributable to Excusable Neglect

The Court has no means of determining whether excusable neglect contributed to the default of the Defendant. Given that the Defendant was properly served upon its registered agent in Illinois, the Court will presume that excusable neglect did not play a role. This factor weighs in favor of entering default judgment.

7. <u>Policy Favoring Decisions on the Merits</u>

Public policy clearly favors resolution of cases on their merits. *Eitel*, 782 F.2d at 1472; *Westchester Fire*, 585 F.3d at 1189. Nevertheless, this policy must eventually yield to the proper administration of justice. Where, as here, a party fails to defend on the merits of a claim, entry of default judgment is generally an appropriate remedy.

However, in this case, where Plaintiff has requested the maximum amount of statutory damages and has not provided the information this Court needs to properly exercise its discretion in determining the appropriate amount to be granted, the Court elects to exercise its power to "conduct hearings" to "determine the amount of damages" and "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). Accordingly, the Court directs Plaintiffs to brief and provide evidence supporting it substantive claims and amount of damages against Defendant. Upon a showing substantiating Plaintiffs' claims and upon evidence presented relating to the § 1692k(b)(1) considerations for statutory damages, the Court will reconsider Plaintiff's motion for default judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

Plaintiffs' Motion for Default Judgment (ECF No. 15) is **DENIED with leave to renew**. Plaintiff is directed to submit memorandum and evidence in

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 10

1   support of its claims against Defendant and in support of its request for statutory

2   damages on or before **October 8, 2014**.

3        The District Court Executive is hereby directed to enter this Order and

4   furnish copies to counsel.

5        **DATED** September 10, 2014.

6   

7                      THOMAS O. RICE
             United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ~ 11